F I L E D
United States Court of Appeals
Tenth Circuit

FEB 4 2000

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

FLOYD L. WALKER and
VIRGINIA G. WALKER,

        Plaintiffs - Appellees,

v.

UNITED STATES OF AMERICA,

        Defendant - Appellant.

No. 98-5229

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. NO. CV-97-672-BU)

Edward T. Perelmuter (Ann B. Durney with him on the briefs), Tax Division, Department of Justice, Washington, D.C., for appellant.

Randall G. Vaughan and Floyd L. Walker (Pamela D. Langston with them on the brief), Pray, Walker, Jackman, Williamson & Marlar, Tulsa, Oklahoma, for appellees.

Before **HENRY** , **McKAY** , and **ANDERSON** , Circuit Judges.

**ANDERSON** , Circuit Judge.

The United States appeals the entry of summary judgment in favor of plaintiffs, taxpayers Floyd L. and Virginia G. Walker. The district court determined that the Walkers were entitled to a refund of $42,994.22, plus statutory interest, representing overpayments of federal self-employment taxes for the taxable years 1992-95. We reverse.

## BACKGROUND

The parties stipulated to the following facts: Floyd Walker was a self-employed legal practitioner from 1953 until December 31, 1974. From 1975 through 1986, he was employed by a series of law firms. For each of those years, Mr. Walker paid the maximum amount of Federal Insurance Contributions Act ("FICA") taxes or Self Employment Contributions Act ("SECA") taxes, as the particular year required, mandated by law. Mr. Walker retired in 1989 and began receiving Social Security benefits.

In 1972, Mr. Walker and the Telex Corporation entered into a contingency fee award contract, pursuant to which Mr. Walker agreed to represent Telex in antitrust litigation against IBM. Mr. Walker filed two antitrust suits against IBM in 1972, to which IBM filed counterclaims. Eventually, in 1975, IBM and Telex settled their respective claims against each other.

Mr. Walker and Telex were unable to agree on the legal fees due Mr. Walker under his contingency fee contract. In 1981, after protracted litigation in the Oklahoma state courts, Mr. Walker and Telex finally settled their contingency fee dispute. Telex agreed to pay Mr. Walker $2,350,000 over a 20-year period, commencing with two $75,000 payments, one on May 1 and again on August 1, 1981, and eighty quarterly payments of $27,500 thereafter. Telex and its successor-in-interest made those payments until August 15, 1996, at which time Telex's successor declared bankruptcy.

The Walkers are cash-basis taxpayers who file a joint tax return. They paid income taxes on the Telex payments each year. Mr. Walker also paid SECA taxes on payments he received from Telex in 1992, 1993 and 1994.[1] He did not initially pay SECA taxes on payments made in 1995. In 1995, the Walkers filed amended tax returns for 1992, 1993 and 1994, seeking refunds of the SECA taxes paid for those years. The IRS denied the refund claims and audited the Walkers' 1995 return. It determined that the Walkers owed SECA taxes on the Telex payments Mr. Walker received in 1995, and demanded an immediate payment of those taxes, which the Walkers apparently made.

---

[1]The Walkers have represented in their brief that they sought refunds in 1995 of SECA taxes for the years 1992 through 1994 because those were the only years not barred by the statute of limitations.

The Walkers then filed this action seeking a refund of the SECA taxes paid for the years 1992 through 1995. They argued they were not liable for those taxes on the Telex payments received in those years because the payments were attributable to legal services provided by Mr. Walker to Telex between 1971 and 1975, and during those years, Mr. Walker had already paid the maximum amount of SECA taxes mandated by law.

Both sides filed motions for summary judgment. The district court granted the Walkers' motion, denied the government's, and entered an amended judgment determining that the Walkers were entitled to a refund of $42,994.22 plus statutory interest. The Walkers then filed a motion for an award of attorney's fees pursuant to 26 U.S.C. § 7430, which the district court denied. The United States appeals entry of the refund judgment. The Walkers have not appealed the denial of attorney's fees, but in their brief they ask us to remand the matter to the district court so that it may reconsider its denial of attorney's fees.

**DISCUSSION**

We review de novo the grant of summary judgment, employing the same legal principles as did the district court. See True v. United States, 190 F.3d 1165, 1171 (10th Cir. 1999). This case presents a single legal question: whether the Walkers are liable for SECA taxes on payments received in 1992 through

-4-

1995, where the payments are for legal services performed in 1971 through 1975. We hold that they are liable.

"Section 1401 of the Internal Revenue Code imposes a tax on self-employment income of every individual, in addition to income tax." Schelble v. Commissioner , 130 F.3d 1388, 1391 (10th Cir. 1997) (citing 26 U.S.C. § 1401). Inasmuch as the SECA tax "is designed to finance social security benefits paid to self-employed individuals," id., it complements the FICA tax imposed pursuant to 26 U.S.C. §§ 3101(a) and 3121(a) on wages earned by an employee. If an individual receives both self-employment income and wages from an employer in a taxable year, he or she is not liable for SECA taxes if he or she has paid the maximum amount of FICA taxes on the wages received. 26 U.S.C. § 1402(b)(1); Treas. Reg. § 1.1402(b)(1). The Internal Revenue Code does not specifically resolve the issue in this case.

In support of its argument that the Walkers owe SECA taxes on the Telex payments at issue, the United States relies upon Treas. Reg. § 1.1402(a)-1(c), which provides in pertinent part:

> Gross income derived by an individual from a trade or business includes gross income received (in the case of an individual reporting income on the cash receipts and disbursements method) . . . in the taxable year from a trade or business even though such income may be attributable in whole or in part to services rendered or other acts

-5-

performed in a prior taxable year as to which the individual was not subject to the tax on self-employment income.

The United States argues that, inasmuch as the Walkers have stipulated that they are cash-basis taxpayers, the treasury regulation compels the conclusion that the Telex payments received in 1992 through 1995 are "self-employment" income subject to SECA taxes in the years so received. It further argues that, aside from that treasury regulation, the legislative history accompanying the Social Security Act Amendments of 1950 supports that conclusion.

The Walkers respond that Treas. Reg. § 1.1402(a)-1(c) is inapplicable to them. Their argument appears to be that the regulation only applies to taxpayers who were " _not_ subject to the tax on self-employment income" in the prior year to which the current income is attributable. They argue that, in 1975, the year to which the district court held the 1992 through 1995 Telex payments were attributable, Mr. Walker _was_ subject to self-employment tax; indeed, he claims he paid the maximum amount of SECA taxes that year.[2] He thus argues that the regulation is inapplicable to him. We disagree.

_____

[2]The correctness of Mr. Walker's assertion about his status in 1975 is unclear. He claims he was subject to SECA taxes in 1975. Both sides have stipulated that Mr. Walker was self-employed through December 31, 1974. However, the district court found that, from 1975 until his retirement, Mr. Walker was employed by various law firms. Mr. Walker's own brief is contradictory on the point: it asserts both that it is "undisputed that in 1975, the year the 1992-1995 Telex payments were earned, Taxpayer had, in fact, paid the maximum

(continued...)

We agree with the United States that a plain, common-sense reading of Treas. Reg. § 1.1402(a)-1(c) compels us to conclude that the Walkers owed SECA taxes on the Telex payments received in 1992 through 1995, regardless of whether, in 1975, Mr. Walker was subject to self-employment taxes. The regulation states that, for cash-basis taxpayers like the Walkers, self-employment income is considered income for SECA tax purposes when received, "even though" it is attributable to services rendered in a prior year when the taxpayer was not subject to SECA taxes. Mr. Walker would manipulate the words "even though" to make the issue of whether the taxpayer was subject to SECA tax in the prior year the determinative consideration in the regulation's application. We do not believe that the regulation so intends. The regulation simply clarifies that the taxpayer's choice of tax accounting (in the Walkers' case, cash basis) requires that self-employment income is received for SECA purposes, like it is for income tax purposes, when it is actually received by the taxpayer.

---

[2](...continued)
SECA tax that could be imposed by law on self-employment income." Appellee's Answer Br. at 2. On the same page of his brief, Mr. Walker asserts that "[f]rom 1975 through 1986, Taxpayer was employed by a series of private law firms." Id. If employed by a law firm in 1975, Mr. Walker presumably paid FICA taxes, not SECA taxes. The district court so found: "[i]t is undisputed that in 1975, Walker paid the maximum amount of FICA taxes on his wages." Order, Appellant's App. at 24. Additionally, Mr. Walker has stated that when he became employed by a law firm, it was understood that any legal fees Telex paid him were to be treated as self-employment income.

Moreover, although we view the regulation as clear, were we to conclude that it is ambiguous on that point, we agree with the United States that the legislative history supports that reading.    <u>See</u> S. Rep. No. 1669, 81st Cong., 2d Sess. (1950), <u>reprinted in</u> 1950 U.S.C.C.A.N. 3287, ____ ("In computing net earnings from self-employment, the rules applicable under chapter 1 of the code must be applied in determining the taxable year in which items of gross income are to be included and the taxable year for which deductions shall be taken."); H.R. Conf. Rep. No. 2271, 81st Cong., 2d Sess. (1950),      <u>reprinted in</u>  1950 U.S.C.C.A.N. 3482, ____ ("In view of the close connection between the self-employment tax and the present income tax, and in the interest of simplicity for taxpayers and economy in administration, . . . it is preferable to have the tax on self-employment income handled in all particulars as an integral part of the income tax.").  Thus, just as income is taxable when received for cash-basis taxpayers, so too self-employment income is subject to SECA taxes when received.

Additionally, although Mr. Walker argues and the district court found, that the Telex payments were earned in 1975, in reality, in 1975 Mr. Walker had only a claim to such payments, the dimensions of which were completely unknown.  At that time, he had no idea what the final amount, if any, would be, nor how or over

what period it would be paid. Indeed, the issue was hotly contested through several years of litigation.

Finally, the fact that the Social Security Administration attributed the Telex payments to Mr. Walker's 1975 earnings for purposes of Social Security and Medicare benefits does not alter our conclusion. The Social Security Administration is a different agency, implementing a different statutory scheme. Indeed, as the United States points out, a specific statute excludes the Telex payments from Mr. Walker's gross income for Social Security benefits purposes. See 42 U.S.C. § 403(f)(5)(D)(ii). We also find Social Sec. Bd. v. Nierotko, 327 U.S. 358 (1946) inapposite and Bowman v. United States, 824 F.2d 528 (6th Cir. 1987) unpersuasive.

For the foregoing reasons, we REVERSE and REMAND this matter to the district court for further proceedings consistent with this opinion.